IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERAL DURANT HENDERSON, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:23-cv-01407-B (BT) |
| § | |
| SATAN THE DEVIL, § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeral Durant Henderson initiated this *pro se* civil action on June 23, 2023, when he filed a complaint and a motion for leave to proceed *in forma pauperis*. The Court attempted to screen his complaint, but the complaint failed to comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claims showing plaintiff is entitled to relief. The Court sent Henderson a Notice of Deficiency and Order (ECF No. 7) directing him to file a complaint in compliance with Rule 8(a). The Order further informed Henderson that failure to respond and cure the deficiencies by August 7 could result in a recommendation that his case be dismissed. Henderson has not filed any response, an amended complaint, or otherwise complied with the Court's July 7 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Henderson did not respond to the Notice of Deficiency and Order; nor did he file a complaint that complies with Rule 8(a). He has thus failed to comply with the Court's order.

The Court cannot distinguish Henderson's claims as presented. Henderson names "Satan The Devil" as a defendant. On his complaint, which is filed on the court-approved form, he has handwritten what appears to be three sentences and included a typed attachment with the title "Change of Venue International Court of Justice." Compl. 2 (ECF No. 3). The Court can distinguish that Henderson has written, "*His* address [is] one of many." *Id.* at 1 (emphasis added). He then goes on to suggest that *his* address is at the Dallas Theological Seminary in Dallas, Texas. However, it is not clear to

2

whom Henderson is referring—himself or the defendant. He also fails to provide a short and plain statement of his claim(s) showing he is entitled to relief. *See* Fed. R. C. P. 8(a)(2), (3). This litigation cannot proceed until he cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

On June 27, 2023, after this case was filed, the Court barred Henderson from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so. *See Henderson, et al., v. Dart Internal Affair's, et al.*, Case No. 3:23-cv-1086-K-BK. (ECF Nos. 9, 10) (N.D. Tex.). The Court further ordered that any of Henderson's cases that are filed, removed, or transferred without the applicable filing fee, should not be reviewed by the Court. *See* (ECF Nos. 9, 10).

## Recommendation

The Court should dismiss Henderson's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 11, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

4